CHIEF JUSTICE SIMPSON
delivered the opinion op the court :
The only question in this case is, does the lien of the vendor exist between him and his vendee, where a deed has been executed, and no statement is made therein as to what part of the consideration remains unpaid ?
The statute is explicit on this point. It expressly declares that where a conveyance is made, and the purchase money or any part of it remains unpaid, the grantor shall not thereby have a lien for the same, unless it be stated in the deed what part of the consideration remains unpaid. The making of a deed operates under the statute as a waiver of the vendor’s *564 lien, unless the deed contains the statement which the statute requires, for the purpose of showing that the lien is retained.
That such is the effect of the statute was decided in the case of Chapman, &c., vs. Stockwell, (18 B. Monroe, 650.) It was said in that case, “that the object of the legislature in changing the law, was to secure purchasers against the lien of some previous vendor, the existence of which did not appear in the deed he had executed.” The question, however, is not alone what was the object to be accomplished by the change in the ■ law, but also, what is the effect of this change ? It is evident that if the execution of a deed of conveyance, without expressly stating therein what part of the purchase money remains unpaid, operates as a waiver of the lien of the grantor, as the statute expressly declares it shall, the lien is entirely gone, and cannot be asserted against any person or for any purpose. The statute does not say merely that the grantor shall have no lien that he can render available against a purchaser from his vendee, but that he shall have no lien whatever for the unpaid purchase money. The legislature may have intended to protect creditors as well as purchasers, and for that reason have made the execution of the deed amount to a waiver of the grantor’s lien, unless he complied with the requisitions of the statute. Such, however, is its obvious effect and operation, whatever object the legislature may have designed to accomplish by its enactment.
Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion. The appellee, Martin, must pay the costs of this appeal.